TRENK, DiPASQUALE, WEBSTER,
DELLA FERA & SODONO, P.C.
347 Mount Pleasant Avenue
West Orange, New Jersey 07052
(973) 243-8600
Joseph J. DiPasquale (JD 3330)
Thomas M. Walsh (TW 0645)
Adam D. Wolper (AW 6169)
*Proposed Attorneys for Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 11-33014 (DHS) |
| HUDSON HEALTHCARE, INC., | Chapter 11 |
| Debtor. | |

## ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC, AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

The relief set forth on the following pages (numbered page two (2) through page twenty-four (24)) is hereby **ORDERED**.

(Page 2)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

This matter being brought before the Court by debtor Hudson Healthcare, Inc. ("Debtor")

by way of its *First Omnibus Motion for (i) Authorization to Sell Substantially All of its Assets Outside the*

*Ordinary Course of its Business, Free and Clear of All Liens, Claims, Interests, and Encumbrances; (ii) Approval*

*of Form and Content of Asset Purchase Agreement Between Debtor and HUMC Holdco, LLC, and HUMC*

*Opco, LLC; (iii) Authorization to Assume and Assign Certain of its Executory Contracts and Unexpired Leases,*

*(iv) Authorization to Sell "Designation Rights" in Connection with Certain of its Executory Contracts and*

*Unexpired Leases, (v) Authorization to Reject all Executory Contracts and Unexpired Leases that are Not*

*Assumed or Designated; (vi) Authorization to Reject Collective Bargaining Agreements; and (vii) Granting Other*

*and Related Relief* (the "Motion"),

And upon consideration of Debtor's Verified Application in support of the Motion (the

"Application"), the Debtor APA[1] (a copy of which is annexed hereto as **Exhibit A**) between Debtor

and HUMC Holdco, LLC and HUMC Opco, LLC (collectively, "Purchaser"), all other documents

supporting or objecting to the Motion, and the arguments adduced at the Sale Hearing; and the

Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iii) notice of the Motion

and proposed form of order was served on those parties required to receive notice pursuant to the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court; and

the Court having determined that the legal and factual bases set forth in the Motion and at the Sale

---

[1] Any and all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

(Page 3)
Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC, AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

Hearing establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of Debtor and its estate; and upon the record of the Sale Hearing, including, without limitation, the reasons set forth by the Court in the record as to why approval of the Debtor APA is in the best interests of Debtor's estate; and after due deliberation and sufficient cause appearing therefore;

THE COURT HEREBY FINDS AND DETERMINES that:[2]

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue of the Motion is proper pursuant to 27 U.S.C. §§ 1408 and 1409.

B.    As evidenced by the certificates of service and affidavits of publication filed with the Court and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Motion and Sale Hearing has been provided in accordance with sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing or the entry of this Order shall be required.

C.    The purchase price to be paid by Purchaser pursuant to the Debtor APA is fair consideration and constitutes reasonably equivalent value for the Purchased Assets.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

(Page 4)
Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

_____

D.    Purchaser is a purchaser in good faith, as that term is used in section 363(m) of the

Bankruptcy Code, with respect to the Purchased Assets.  The Debtor APA was negotiated,

proposed and entered into by the parties in good faith, from arms'-length bargaining positions and

without collusion, and therefore, Purchaser is entitled to the protections of section 363(m) of the

Bankruptcy Code with respect to the Assets.  Neither Debtor nor Purchaser have engaged in any

conduct that would cause or permit the Debtor APA to be voided, or for the imposition of costs

and damages, under section 363(n) of the Bankruptcy Code.

E.    Approval of the Debtor APA and sale of the Purchased Assets at this time will

maximize the value of the estate, and hence, it is in the best interest of Debtor, its creditors, and its

estate.

F.    Debtor has articulated sound business reasons for consummating the Debtor APA

and for selling the Purchased Assets outside of a plan of reorganization, and it is a reasonable

exercise of Debtor's business judgment to consummate the transaction contemplated by the Debtor

APA.

G.    Debtor has articulated sound business reasons for the assumption of the Assigned

Contracts and the rejection of the Rejected Contracts, including the Collective Bargaining

Agreements.  Upon the Closing date, Debtor will no longer require the services of its unionized

employees.

(Page 5)
Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

H.      The facts and circumstances as stated herein demonstrate the exigent nature of

Debtor's business situation, to support the sale of the Purchased Assets at this early stage of

Debtor's bankruptcy case, and outside a plan of reorganization.

I.      Debtor may sell the Purchased Assets to Purchaser free and clear of all Liens and

Claims (hereinafter defined collectively) in accordance with, and to the extent permitted by, section

363(f) of the Bankruptcy Code and except as set forth in the Debtor APA.  As a condition of

purchasing the Purchased Assets, Purchaser requires that the Purchased Assets be sold free and clear

of all Liens and Claims, except those explicitly and expressly assumed by Purchaser in the Debtor

APA.  Purchaser would not have entered into the Debtor APA and would not consummate the

transactions contemplated thereby, thus adversely affecting Debtor, its estate and its creditors, if the

sale of the Purchased Assets, except as otherwise expressly provided for herein and in the Debtor

APA, were not free and clear of all Liens and Claims or, if Purchaser would, or in the future could,

be liable for any such Liens and Claims.  Except as otherwise set forth in the Debtor APA, the

transfer of the Purchased Assets to Purchaser does not and will not subject Purchaser to any liability

whatsoever with respect to the operations of Debtor's business and/or the ownership of the

Purchased Assets prior to the Closing.

J.      Except with respect to Purchaser's obligations under the APA, neither (a) the

transfer of the Assets to Purchaser nor (b) the assignment by Debtor to Purchaser of the Assigned

(Page 6)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

Contracts or Designated Contracts will subject Purchaser to any liability by reason of such transfer

or assignment and assumption under the laws of the United States, any state, territory, or possession

thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory

of law or equity, including, without limitation, any theory of antitrust or successor or transferee

liability or otherwise.  Debtor and Purchaser are exempt from and excused from complying with any

laws or regulations requiring notice to any taxing authority of any jurisdiction prior to, or other laws

which might, directly or indirectly, affect consummation of the transactions contemplated by the

Debtor APA or the relief requested in the Motion and the provisions of this Order, without

excusing Purchaser or Debtor from any obligations for payment of any taxes or charges arising from

such transfer.

       K.      Concurrently with the filing of the Motion, Debtor caused a *Notice of Debtor's Proposed*

*Sale of Assets and Intent to Assume and Assign, Designate, or Reject Certain Executory Contracts and Unexpired*

*Leases and the Fixing of Cure Costs Associated Therewith* (the "Notice") to be served on the non-debtor

parties to the Assigned Contracts under schedules 2.1(a), 2.1(c) and 2.1(d) of the Debtor APA and

the non-debtor parties to the Designated Contracts under schedule 2.6 of the Debtor APA.  The

Notice constitutes due, good, adequate, and sufficient notice, satisfies all governing law, and is

otherwise proper in all respects.

(Page 7)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

L.        Debtor is the sole and lawful owner of the Purchased Assets, and has good and marketable title to the Purchased Assets.  Accordingly, the transfer of the Purchased Assets to Purchaser is or will be a legal, valid, and effective transfer of the Purchased Assets, and will vest Purchaser with all right, title, and interest in and to the Purchased Assets, free and clear of all Liens and Claims pursuant to, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws, except with respect to those Liens and Claims explicitly and expressly assumed by Purchaser in the Debtor APA.

M.        Non-debtor parties holding valid Liens or Claims in or with respect to the Purchased Assets who did not object, or who withdrew their objections to the Motion are deemed to have consented to the sale of the Purchased Assets free and clear of their Liens or Claims in or with respect to the Purchased Assets pursuant to section 363(f)(2) of the Bankruptcy Code.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.        All of the findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Motion is granted, as provided herein.

2.        All objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

(Page 8)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

3.    The Debtor APA, and all ancillary documents and transactions contemplated therein, including the transfer of the Purchased Assets by Debtor to Purchaser as provided in the Debtor APA, are approved and authorized under the Bankruptcy Code, including sections 105, 363 and 365 thereof.

4.    The transfer of the Purchased Assets by Debtor to Purchaser upon Closing will be a valid, legal, and effective transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code).

5.    Pursuant to section 363(b) of the Bankruptcy Code, Debtor is hereby authorized to sell and transfer the Purchased Assets to Purchaser pursuant to and in accordance with the terms and conditions of the Debtor APA and to take all other actions as are necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated under the Debtor APA without any further authorization of the Court.  Upon closing, title to the Purchased Assets shall pass to Purchaser pursuant to, and to the fullest extent permitted by, section 363 of the Bankruptcy Code and all other applicable laws, except with respect to those Liens and Claims explicitly and expressly assumed by Purchaser in the Debtor APA, and except those certain other Liens and Claims expressly and explicitly assumed by Purchaser pursuant to section 2.6 of the Debtor APA, referring to Designated Contracts, as defined below, free and clear

(Page 9)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

of any and all liens (including, but not limited to, (i) any lien, replacement lien, claim, interest or

charge granted to the any party under any Order entered in this case; and (ii) mechanics',

materialmen's and other consensual and non-consensual liens and statutory liens), security interests,

encumbrances and claims (including, but not limited to, any "claim" as defined in section 101(5) of

the Bankruptcy Code), reclamation claims, malpractice claims, tort claims, any liability or obligations

under COBRA, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges,

indentures, loan agreements, causes of action, instruments, contracts, leases, licenses, options, rights

of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court

or foreign or domestic government entity, claims for reimbursement, contribution, indemnity or

exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products

liability, alter-ego, environmental, successor liability, tax and other liabilities, causes of action and

claims, and in such case whether secured or unsecured, choate or inchoate, filed or unfilled,

scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected,

allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or

unmatured, material or non-material, disputed or undisputed, or known or unknown, whether

arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement,

understanding, law, equity or otherwise (collectively, the "Liens and Claims"), with any Liens and

Claims to attach only to the proceeds of sale with the same priority, validity, force, and effect as they

(Page 10)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

existed with respect to the Purchased Assets before the Closing Date, subject to any and all rights,

claims, defenses, and objections of Debtor and any other party-in-interest.

6.      The transfer of the Purchased Assets, and the assignment of the Assigned Contracts

and any assigned Designated Contracts does not and will not subject Purchaser to any liability by

reason of such transfers and assignments under the laws of the United States, any state, territory or

possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on

any theory of law or equity, including, without limitation, any theory of successor or transferee

liability, and all creditors and parties-in-interest are prohibited from asserting such claims against

Purchaser.

7.      Pursuant to section 365(a), (b), (c), and (f) of the Bankruptcy Code, Debtor is

authorized to assume and assign the Assigned Contracts subject to the procedures established

herein; provided, however, that there shall be no assumption of any such Assigned Contract absent

simultaneous assignment thereof to Purchaser.  Consistent with sections 2.1(b)(iii) and 8.2 of the

Debtor APA, Debtor is also authorized to assign certain additional Personal Property Leases (as that

term is defined in the Debtor APA) primarily pertaining to or used in connection with the Business

(as that term is defined in the Debtor APA) that are entered into after the date the parties entered

into the Debtor APA but prior to Closing with the consent of the Purchaser.

(Page 11)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

_____

8.    Pursuant to section 365(a), (b), (c), and (f) of the Bankruptcy Code, Debtor is also

authorized to assume and assign any Designated Contract upon written notice(s) filed with this

Court from the Closing Date until the date that is the later of one hundred twenty (120) days after

the Closing Date or January 31, 2012 (the "Designation Period") as provided in section 2.6 of the

Debtor APA.

9.    Debtor's time to assume or reject the Designated Real Property Leases is hereby

extended until February 27, 2012.

10.    Each non-debtor party to an Assigned Contract or a Designated Contract that

disagrees with the cure amount in the Notice was required to file an objection ("Cure Objection")

on or before September 6, 2011 at 4:00 p.m. (prevailing Eastern Time) and serve a copy upon

Debtor, Purchaser, their counsel and other parties in interest on the same day as set forth in the

Notice.  Any non-debtor party to an Assigned Contract or Designated Contract for which a Cure

Objection was not properly and timely filed shall be (a) forever barred from objecting to the cure

amount proposed by Debtor and (b) forever barred and estopped from asserting or claiming any

additional cure amounts due or defaults existing from Debtor or any assignee of the relevant

contract.  The Cure Amounts set forth on schedules 2.8 and 2.9 of the Debtor APA and noticed

upon each applicable non-debtor party to each Assigned Contract or Designated Contract for which

no Cure Objection was filed shall be deemed sufficient to permit assumption and assignment of

11

(Page 12)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

each such Assigned Contract or Designated Contract. As stated in the Notice, each Cure Objection,

to be deemed "properly filed," must have set forth (i) the basis for the Cure Objection, and (ii) the

amount the party asserts as the appropriate cure amount.

11.      On or as promptly after the Closing Date as is practical, the Cure Amounts relating

to Assigned Contracts to which no objections were filed, or to which the Purchaser and Applicable

non-debtor contract party have agreed as to the allowed Cure Amount(s), shall be paid.

12.      With respect to the Designated Contracts, any applicable costs incurred subsequent

to the Closing Date including Cure Amount(s) shall be borne by Purchaser.  Notwithstanding

anything in this Order to the contrary, on the date any such Designated Contract is assumed and

assigned to Purchaser pursuant to the terms of this paragraph, such Designated Contract shall be

deemed an Assigned Contract and deemed scheduled on schedule 2.1(d) of the Debtor APA.

13.      Purchaser shall file with the Court a notice of each Designated Contract which

Purchaser intends to assume ("Notice of Assumption") and a notice of each Designated Contract

which Purchaser does not intend to assume ("Notice of Non-Assumption").

14.      Each non-debtor party to a Designated Contract shall continue to perform any and

all obligations thereunder after the Closing Date and during the Designation Period.  Unless and

until a Notice of Non-Assumption is filed, all costs and obligations pursuant to each Designated

Contract after Closing shall be borne by Purchaser. Upon a Notice of Non-Assumption being filed,

(Page 13)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

Debtor's and Purchaser's obligations under such contract(s) shall be terminated and the Designated

Contract shall be deemed rejected.

15.    Debtor shall be obligated for all obligations which arose between the Petition Date

and Closing Date relating to all Assigned Contracts and Designated Contracts.  Purchaser shall be

responsible and obligated to pay all remaining Cure Amounts relating to any Designated Contract

assumed and assigned during the Designation Period, including pre-petition and post Closing Date

cure amounts, and it is also responsible for timely paying any and all obligations which arise on or

after the Closing Date.  The Cure Amounts for Designated Contracts to which no objections have

been filed, or to which the Purchaser and Applicable non-debtor contract party have agreed as to

the allowed Cure Amount(s), or in such amount as ordered by this Court, shall be paid within five

(5) business days of the filing of each applicable Notice of Assumption.

16.    A further hearing shall be held on a date to be determined to consider any

unresolved objections to the Cure Amounts for Assigned Contracts and Designated Contracts set

forth in schedules 2.8 and 2.9 respectively, pursuant to section 365 of the Bankruptcy Code.  With

respect to Cure Amounts for Assigned Contracts to which objections have been raised and not

resolved, such Cure Amounts shall be paid by Debtor, within the later of (i) five (5) days after the

Closing Date or (ii) ten (10) business days after the entry of a final, non-appealable Order allowing

such Cure Amounts.  With respect to Cure Amounts for Designated Contracts to which objections

(Page 14)
Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

have been raised and not resolved, such Cure Amounts shall be paid by Purchaser, within the later

of (i) five (5) days after the date of filing the applicable Notice of Assumption or (ii) ten (10)

business days after the entry of a final, non-appealable Order allowing such Cure Amounts.  Pending

a determination by either agreement or final, non-appealable Order regarding any disputed Cure

Amount in connection with the assumption and assignment of the Assigned Contracts and any

Designated Contracts (for which the Purchaser has filed a notice indicating its desire to have such

Designated Contract assumed and assigned), an amount sufficient to satisfy such disputed Cure

Amount will be set aside (by the Debtor with respect to Assigned Contracts and by Purchaser with

respect to Designated Contracts) in escrow for the benefit of any non-debtor to an Assigned

Contract or Designated Contract asserting a disputed Cure Amount.  Such amount to be set aside

shall be based upon either a reasonable agreement between the Debtor, Purchaser and non-debtor

party concerning the disputed Cure Amount or, in the event the Debtor, Purchaser and the non-

debtor party cannot reach an agreement as to such amount, such other amount as may be

determined by the Court as sufficient to satisfy such disputed amount.

17.    With respect to any unresolved objection to Cure Amounts related to Designated

Contracts, Debtor and Purchaser shall jointly bear responsibility for addressing and resolving such

objections, and Debtor shall cooperate fully with Purchaser by means of providing information,

documentation, testimony or otherwise in aid of Purchaser's attempt to resolve such objections,

(Page 15)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

_____

provided, however, that Purchaser shall be responsible for all costs and expenses incurred by Debtor

in providing such cooperation.

18.    Debtor is further authorized to assume (to the extent executory) and to assign (as

shall be evidenced by, among other things, the filing of a Notice of Assumption with the Bankruptcy

Court) the provider agreements pursuant to section 8.12 of the Debtor APA, subject to the

conditions contained therein.  Payment of the Cure Amounts shall be deemed to discharge Debtor's

obligation to: (i) cure, or provide adequate assurance that Debtor will promptly cure, any defaults

under the Assigned Contracts; and (ii) compensate, or provide adequate assurance that Debtor will

promptly compensate, any non-debtor party to the Assigned Contracts for any actual pecuniary loss

resulting from any default under the Assigned Contracts.  Pursuant to section 365(k) of the

Bankruptcy Code, Debtor shall have no liabilities for any claims arising or relating to or accruing

post-Closing under any of the Assigned Contracts or assumed Designated Contracts.

19.    In accordance with section 365(b)(2) and (f) of the Bankruptcy Code, upon transfer

of the Assigned and Designated Contracts to Purchaser, (i) Purchaser shall have all of the rights of

the Debtor thereunder and each provision of such Assigned Contract and/or Designated Contracts

shall remain in full force and effect for the benefit of the Purchaser notwithstanding any provision in

any such Assigned Contract or Designated Contract or in applicable law that prohibits, restricts or

limits in any way such assignment or transfer, and (ii) no Assigned Contract or Designated Contract

(Page 16)
Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

may be terminated, or the rights of any party modified in any respect, including pursuant to any

"change of control" clause, by any other party thereto as a result of the consummation of the

transactions contemplated by the Debtor APA.

20.     Any party to a Personal Services Contract that has not objected to the assignment

thereof is deemed to consent to such assignment pursuant to 11 U.S.C. § 365(c).

21.     The Rejected Contracts are rejected on the Closing Date, effective as of the Petition

Date, and any executory contract or unexpired lease which is not either an Assigned Contract or a

Designated Contract shall be deemed rejected as of the Closing Date, other than certain provider

agreements as set forth in section 8.12 of the Debtor APA.  Any Designated Contract which is not

assumed by the Designation Deadline shall be deemed rejected on the date of the filing of the

applicable Notice of Non-Assumption or at the expiration of the Designation Period if no Notice of

Assumption has been filed as to that Designated Contract, effective as of the Petition Date.

22.     The failure of Debtor or purchaser to enforce, at any time, one of more terms or

conditions of any Assigned Contract or Designated Contract shall not be a waiver of such terms and

conditions or of the Debtor's or Purchaser's rights to enforce every term and condition of the

Assigned Contracts and Designated Contracts.

23.     Unless and until actually assigned at Closing (for Assigned Contracts) or filing of a

Notice of Assumption (for Designated Contracts) pursuant to this Order, Purchaser shall have no

(Page 17)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

_____

liability under any Assigned or Designated Contract, provided, however, that Purchaser shall pay and

be responsible for all regular, ordinary course of business costs under the terms of the respective

Designated Contracts incurred after the Closing Date for which a notice has not yet been filed.

24.     Any and all collective bargaining agreements ("Collective Bargaining Agreements")

between Debtor, on the one hand, and 1199J, National Union of Hospital and Health Care

Employees AFSCME, AFL-CIO, JNESO District Council 1, IUOE/AFL-CIO, or the Committee

of Interns and Residents/SEIU, on the other hand, be and hereby are rejected in their entirety on

the Closing Date, effective as of the Petition Date.  All requirements set forth in 11 U.S.C. § 1113

for rejection of the Collective Bargaining Agreements have been satisfied.

25.     In the event that the Sale does not close, none of Debtor's executory contracts and

leases shall be assumed or rejected by virtue of this Order and shall remain subject to further

administration in this case.

26.     The sale and transfer of the Assets to the Purchaser pursuant to the Debtor APA

constitutes a legal, valid, and effective transfer and shall vest Purchaser with all right, title, and

interest of the Debtor in and to the Purchased Assets.

27.     Excluded Assets (as that term is defined in the Debtor APA) are not, and shall not

become, property of Purchaser.  To the extent a creditor of Debtor holds a Lien on any Excluded

Asset, such Lien is unaffected by this Order.  If any Excluded Asset or proceeds thereof come into

(Page 18)
Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

Purchaser's possession, Purchaser shall promptly deliver such Excluded Asset or proceeds to

Debtor.  If any of the Assets comes into the possession or control of Debtor, such Asset shall

forthwith be transferred, assigned and conveyed by Debtor to Purchaser, consistent with paragraph

8.14 of the Debtor APA.

      28.     This Order and the Debtor APA shall be binding upon, and shall inure to the benefit

of, Debtor, Purchaser, and their respective successors and assigns, including, without limitation, any

chapter 7 or chapter 11 trustee hereinafter appointed in this or any other proceeding commenced

under the Bankruptcy Code by or against Debtor.

      29.     This Court shall retain exclusive jurisdiction to enforce the provisions of this Order

and the Debtor APA and to resolve any issue or dispute concerning the interpretation,

implementation or enforcement of this Order and the Debtor APA, or the rights and duties of the

parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the

transfer of the Purchased Assets free and clear of Liens and Claims.

      30.     Upon Debtor's receipt of the consideration set forth in Section 3.1 of the Debtor

APA at the Closing, each of Debtor's creditors are authorized and directed to execute documents

and take all other actions as may be necessary to release its Liens and Claims against or in the

Purchased Assets, if any, as such Liens and Claims may have been recorded or otherwise exist, with

Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

the exception of those creditors holding Liens and Claims explicitly and expressly assumed by

Purchaser in the Debtor APA.

31.     Each and every federal, state, and local governmental agency, recording office or

department and all other parties, persons or entities is hereby directed to accept this Order for

recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the

Purchased Assets conveyed to Purchaser.

32.     If any person or entity that has filed financing statements, mortgages, mechanic's

liens, *lis pendens*, or other documents or agreements evidencing Liens and Claims against or in the

Assets shall not have delivered to Debtor before the Closing, in proper form for filing and executed

by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens

and Claims that the person or entity has with respect to the Assets or otherwise, Debtor or

Purchaser is hereby authorized and directed to execute and file such statements, instruments,

releases, and other documents on behalf of such person or entity with respect to such Purchased

Assets.

33.     The provisions of this Order shall be self-executing, and neither Debtor, Purchaser

nor any other party shall be required to execute or file releases, termination statements, assignments,

cancellations, consents or other instruments to effectuate, consummate and/or implement the

provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse

(Page 20)
Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

such parties from performing any and all of their respective obligations under the Debtor APA.

Without in any way limiting the foregoing, Purchaser is empowered to execute and file releases,

termination statements, assignments, consents, cancellations or other instruments to effectuate,

consummate and/or implement the provisions hereof with respect to the sale contemplated by the

Debtor APA.

34.    Consummation of the Debtor APA and the transactions contemplated therein and

thereby does not effect a *de facto* merger or consolidation of Debtor and Purchaser, nor does it result

in the continuation of Debtor's business under Purchaser's control.  Purchaser is not the alter ego

of, a successor in interest to, or a continuation of Debtor, nor is Purchaser otherwise liable for

Debtor's debts and obligations, unless specifically provided for in the Debtor APA or pursuant to

this Order.  Except as otherwise provided in the Debtor APA, all persons and entities (and their

respective successors and assigns) including, but not limited to, all debt security holders, equity

security holders, Debtor's employees,  governmental, tax, and regulatory authorities, lenders, trade

and other creditors, holding Liens and Claims (whether legal or equitable, secured or unsecured,

matured or unmatured, contingent or non-contingent, senior or subordinated) against, in or with

respect to Debtor and/or the Purchased Assets arising under or out of, in connection with, or in any

way related to, Debtor, the Assets, the operation of Debtor's business prior to Closing, or the

transfer of the Assets to Purchaser, hereby are forever barred, estopped, and permanently enjoined

(Page 21)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

from asserting such persons' or entities' Liens and Claims against Purchaser and/or its affiliates,

designees, assignees, successors, properties, or assets.  Neither Purchaser nor Debtor are required to

comply with any "bulk sales" or similar laws relating to the transfer of the Purchased Assets.

35.     All entities who are presently, or who as of the Closing may be, in possession of

some or all of the Purchased Assets hereby are directed to surrender possession of the Purchased

Assets to Purchaser as of the Closing.

36.     Debtor, the Hoboken Municipal Hospital Authority, and their respective

representatives shall, subject to applicable law, continue to have immediate access to all Patient

Records (as that term is defined in the Debtor APA) and other Documents (as that term is defined

in the Debtor APA) as reasonably necessary to wind down Debtor's affairs or comply with

obligations under the Debtor APA.

37.     Nothing contained in any chapter 11 plan confirmed in this case or order confirming

any such plan shall conflict with or derogate from the provisions of the Debtor APA or the terms of

this Order.

38.     The Debtor APA is not a *sub rosa* chapter 11 plan for which approval has not been

sought without the protections that a disclosure statement would afford, and is not in violation of

creditors' voting rights.

(Page 22)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

39.    Purchaser shall be entitled to the protection of Section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.  The purchase by the Purchaser of the Purchased Assets is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code, and therefore, Purchaser is entitled to the protection of section 363(m) of the Bankruptcy Code.  Accordingly, the reversal, modification or appeal of the authorization provided herein to consummate the Debtor APA and sale of the Purchased Assets shall not affect the validity of the sale to Purchaser, unless such authorization is duly stayed pending such appeal before the Closing.

40.    The sale approved by this order is not subject to avoidance or the imposition of costs and damages pursuant to Section 363(n) of the Bankruptcy Code.  The consideration set forth in Section 3.1 of the Debtor APA to be provided by Purchaser in exchange for the Purchased Assets shall be deemed to constitute reasonably equivalent value and fair consideration.

41.    Purchaser shall not be deemed to be a joint employer, single employer, co-employer, or successor employer with Debtor for any purpose or under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia and, except as specifically set forth in the Debtor APA, Purchaser shall not have any obligation to pay any past wages, benefits, or severance pay or extend or make any benefits or benefit programs, including COBRA or any similar

(Page 23)
Debtor: Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

_____

laws or regulations, to any of Debtor's employees or former employees, including any such

employees who may become employees of Purchaser.

42.     This Order is and shall be binding upon and govern the acts of all entities including,

without limitation, all filing agents, filing officers, title agents, title companies, recorders of

mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental

departments, secretaries of state, federal, state and local officials, and all other persons and entities

who may be required by operation of law, or the duties of their office or contract, to accept, file,

register or otherwise record or release any documents or instruments, or who may be required to

report or insure any title or state of title in or to any of the Purchased Assets.

43.     The Debtor APA and any related agreements, documents, or other instruments may

be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties,

and in accordance with the terms thereof, without further order of this Court, provided that any

such modification, amendment, or supplement does not have a material adverse effect on Debtor's

estate.

44.     The failure to specifically include any particular provision of the Debtor APA in this

Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court

that the Debtor APA and each and every provision, term and condition thereof be authorized and

approved in their entirety.

(Page 24)
Debtor:  Hudson Healthcare, Inc.
Case No:11-33014-DHS
Caption of Order: ORDER GRANTING DEBTOR (i) AUTHORIZATION TO SELL SUBSTANTIALLY ALL OF
ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO PRIVATE SALE; (ii) APPROVAL OF FORM
AND CONTENT OF ASSET PURCHASE AGREEMENT BETWEEN DEBTOR AND HUMC HOLDCO, LLC,
AND HUMC OPCO, LLC; (iii) AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN OF ITS
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (iv) AUTHORIZATION TO SELL "DESIGNATION
RIGHTS" IN CONNECTION WITH CERTAIN OF ITS EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, (v) AUTHORIZATION TO REJECT ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT ARE NOT ASSUMED OR DESIGNATED; (vi) AUTHORIZATION TO REJECT COLLECTIVE
BARGAINING AGREEMENTS; AND (vii) GRANTING OTHER AND RELATED RELIEF

---

45.     As provided by Bankruptcy Rules 6004(h), 6006(d), and 7062, this Order shall be

effective immediately upon its entry, and the sale approved by this Order may close immediately

upon its entry, notwithstanding any otherwise applicable waiting periods.

46.     The provisions of this Order are non-severable and mutually dependent.

47.     A true copy of this Order (exclusive of Exhibits) shall be served on all parties-in-

interest by regular, first-class mail within seven (7) days of the date hereof.

435897_3.DOCX