# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

30 Rockefeller Plaza
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

Andrew H. Sherman
Member of the Firm
Direct Dial: (973) 643-6982
E-mail: asherman@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

August 25, 2011

Honorable Donald H. Steckroth
United States Bankruptcy Court
Martin Luther King, Jr. Federal Bldg. & Courthouse
3rd Floor
50 Walnut Street
Newark, NJ 07102

      Re:    In re Hudson Healthcare, Inc., Debtor
              Case No. 11-33014 (DHS)

Dear Judge Steckroth:

      This Firm is counsel to the Official Committee of Unsecured Creditors (the "Committee") of Hudson Healthcare, Inc., the debtor and debtor in possession (the "Debtor") in the above-referenced case. We are compelled, as officers of the Court, to bring to the Court's attention that the single most important pleading filed by the Debtor since the commence of the case – the Debtor's motion to approve a settlement agreement with the Hoboken Municipal Hospital Authority (the "Authority"), fails to disclose that, on July 14, 2011 (shortly before the bankruptcy filling on August 1, 2011), the Authority and the Debtor entered into a Fourth Amendment (the "Amendment") to February 1, 2007 Master Manager and Operator Agreement between the Debtor and the Authority, by which the Authority significantly expanded its indemnification and contribution obligations which it is now trying to have released through the proposed settlement agreement.

      This omission, compounded by the fact that the Debtor also failed to produce the Amendment and any of the three prior amendments of the Manager Agreement, despite the Committee counsel's specific requests for all modifications and exhibits relating to the Manager Agreement in an email attached hereto, is critical because through the Amendment, the Authority agreed to materially expand the pre-existing indemnification provision of the Manager Agreement to reflect that the Authority (in addition to the Debtor) would indemnify "each

1964364 v1

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Honorable Donald H. Steckroth
August 25, 2011
Page 2

member of the Manager's Board as is set forth in the Indemnification Agreement attached as Exhibit 1" to the Amendment. Copies of the Amendment and an Indemnification Agreement are attached hereto. Thus, in seeking the Court's authorization of sweeping releases and injunctions of claims against the Debtor's board members, the Authority is actually seeking to relieve itself of potential significant liabilities, which are even greater than the ones under the prior version of the Manager Agreement. The fact that the Amendment exists and had not been disclosed to the Court or the Committee raises serious concerns that should be explained to the Court and parties in interest.

The information contained in the Amendment and the Indemnification Agreement is also highly relevant and material to the merits of the Committee's Standing Motion as it further illustrates the degree to which the Debtor is controlled by the Authority and that the Authority, among others, designed the Debtor's bankruptcy to ultimate relieve itself of liabilities of which it could not have been relieved outside of bankruptcy.

Respectfully Submitted,

SILLS CUMMIS & GROSS P.C.

By: /s/ Andrew H. Sherman
Andrew H. Sherman

*Counsel to the Official Committee of Unsecured Creditors*

1964364 v1