**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
Tel:    973-597-2500
Fax:    973-597-2400
Kenneth A. Rosen, Esq. (KR 4963)
Paul Kizel, Esq. (PK 4176)
Mary E. Seymour, Esq. (MS 3950)
Andrew Behlmann, Esq. (AB 1174)

*Counsel to the Hoboken Municipal Hospital Authority*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| In re: | Case No. 11-33014 (DHS) |
|---|---|
| HUDSON HEALTHCARE, INC. | Honorable Donald H. Steckroth |
| Debtor. | Re: Docket No. 92 |

**RESPONSE OF HOBOKEN MUNICIPAL HOSPITAL AUTHORITY TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN J.H. COHN LLP AS ITS FINANCIAL ADVISORS *NUNC PRO TUNC* TO AUGUST 15, 2011**

Hoboken Municipal Hospital Authority (the "Authority"), a creditor and party-in-interest in the chapter 11 bankruptcy case of the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby responds (this "Response") to the application filed by the Official Committee of Unsecured Creditors of the Debtor (the "Committee") for an order approving the Committee's employment and retention of J.H. Cohn LLP ("JHC") as financial advisor to the Committee (the "Application") [Docket No. 92]. Although the Authority does not object to the Committee's proposed retention of JHC, the Authority believes the affidavit (the "Katz Affidavit") of Bernard Katz, a partner of JHC, in support of the Application fails to address significant issues that the Committee and JHC have an

24318/2
08/30/2011 18288214.2

affirmative duty to disclose, and therefore should be supplemented prior to approval of JHC's retention. As and for its Response, the Authority hereby respectfully states as follows:

## FACTUAL BACKGROUND

1. The Authority is a municipal hospital authority created by ordinance of the City of Hoboken in 2006 pursuant to the New Jersey Municipal Hospital Authority Law, 30:9-23.15 *et seq.*, to acquire the assets comprising the Hoboken University Medical Center (the "Hospital").

2. The Debtor, the not-for-profit manager and operator of the Hospital, filed its chapter 11 bankruptcy case on August 1, 2011 (the "Petition Date"). The United States Trustee appointed the Committee on August 15, 2011 [Docket No. 63].

3. On April 20, 2011, the Authority entered into an Asset Purchase Agreement (as amended from time to time, the "APA") with HUMC Holdco, LLC and HUMC Opco, LLC (collectively the "Purchaser") for the sale of substantially all of the assets comprising the Hospital.

## RESPONSE

**Additional Disclosure Is Necessary Regarding JHC's Relationship With Apollo Health Street, Inc.**

4. Apollo Health Street, Inc. ("Apollo") performs billing and collection services under contract with the Debtor for medical services performed at the Hospital. Apollo performs those same services for Bayonne Medical Center ("BMC"), another hospital owned by the principals of the Purchaser. Upon information and belief, and based upon representations made by the former advisors to the Official Committee of Unsecured Creditors in BMC's chapter 11 case, Apollo also may be a current or former investor in BMC.

5. Pursuant to the APA, the Purchaser has agreed to purchase the Authority's accounts receivable—which Apollo is engaged to collect—for a fixed price, based upon

projections that accounts receivable would remain stable through the closing of the sale. However, from the time the Debtor engaged Apollo to perform billing and collection services, cash collections have fallen significantly, and the Authority's accounts receivable balance has grown by nearly 22%, from approximately $14.6 million to $17.7 million.

6. The Katz Affidavit discloses JHC's relationship with Apollo as follows: "JHC has provided financial advisory services to Apollo in a matter unrelated to this case." However, in light of Apollo's various conflicts of interest with respect to the Debtor, the Authority submits that JHC must provide the Court and other parties-in-interest with greater detail and specificity as to the nature and scope of the services JHC provided to Apollo.

**Additional Disclosure Is Necessary Regarding JHC's Relationship with Paradigm Physician Partners ("P3").**

7. The Katz Affidavit indicates that "in September, 2010, JHC had discussed with Paradigm Physician Partners (P3) the possible retention of JHC as its financial advisors in the potential acquisition of Hoboken Hospital. JHC never accepted the assignment, did not execute an engagement agreement, did not perform any financial due diligence, and did not receive any monies in connection with the matter." See Katz Affidavit at ¶ 5. This explanation does not accurately or fully depict JHC's relationship with P3.

8. P3 submitted a response to the Authority's request for proposals with respect to the privatization of the Hospital, and later executed a non-disclosure agreement (the "P3 NDA") purporting to bind both P3 and its advisors. In connection with the P3 NDA, P3's principal, Geoff Teed, notified the Authority that JHC was P3's financial advisor.

9. After receiving the executed P3 NDA and list of P3's advisors, the Authority granted access to an electronic data room (the "Data Room") containing hundreds of confidential documents regarding the Hospital to certain representatives and advisors of P3, including

Clifford Zucker of JHC. In November and December 2010, Mr. Zucker accessed the Data Room approximately 18 times and reviewed and printed various financial statements, budgets, capital expenditure worksheets, and monthly budget-to-actual comparison analyses. Representatives of JHC were also present when P3's principal met with the chairperson of the Authority. P3 has publicly opposed, and continues to oppose, the pending sale of the Hospital to the Purchaser.

10. The Authority submits that, in light of (i) JHC's extensive activity in the Data Room on behalf of P3, (ii) JHC's active involvement in discussions between P3 and the Authority, and (iii) P3's vocal opposition to the pending sale of the Hospital, JHC must provide the Court and other parties-in-interest with greater detail and specificity as to the nature and scope of the services JHC provided to P3.

## NOTICE

11. Notice of this Response has been given to (i) the Office of the United States Trustee, (ii) counsel to the Debtor, (iii) counsel to the Committee, and (iv) all parties entitled to notice through the Court's CM/ECF system.

Dated: August 30, 2011

Respectfully Submitted,

By:     */s/ Mary E. Seymour*
**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
Paul Kizel, Esq. (PK 4176)
Mary E. Seymour, Esq. (MS 3950)
Andrew D. Behlmann, Esq. (AB 1174)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel:   973-597-2500
Fax:   973-597-2400

*Counsel to the Hoboken
  Municipal Hospital Authority*