

**TRENK · DIPASQUALE**
WEBSTER · DELLA FERA · SODONO

ATTORNEYS AT LAW

WEST ORANGE – RED BANK
347 MT. PLEASANT AVENUE, SUITE 300
WEST ORANGE, NEW JERSEY 07052

P (973) 243-8600
F (973) 243-8677
www.trenklawfirm.com

September 14, 2011

3984-001

<u>Via ECF</u>

Honorable Donald H. Steckroth, U.S.B.J.
United States Bankruptcy Court
King Federal Building & Courthouse
50 Walnut Street, 3rd Floor
Newark, New Jersey 07102

    Re:    **Hudson Healthcare, Inc.**
           **Chapter 11, Case No. 11-33014 (DHS)**
           **Opposition to District 1199J Automatic Stay Motion**
           **Hearing Date: September 21, 2011 at 10:00 a.m.**

Dear Judge Steckroth:

       This firm represents Hudson Healthcare, Inc. ("<u>HHI</u>"), the debtor and debtor-in-possession in the above-referenced bankruptcy case ("the Debtor"). On August 19, 2011, District 1199J, National Union of Hospital & Health Care Employees, AFSCME, and District 1199J NJ Benefit and Pension Funds (collectively, the "<u>Union</u>") filed a motion seeking, among other things, a determination that the automatic stay does not preclude it from proceeding with arbitration against the Debtor pertaining to the Debtor's delinquent contributions to the Union's pension plan, and on the issue of the Debtor's intended withdrawal from the pension plan (the "<u>Motion</u>"). See Docket Entry No. 80. Please accept this Letter Brief and the accompanying

RICHARD D. TRENK ■ JOSEPH J. DIPASQUALE ■ ELNARDO J. WEBSTER, II ■ SAM DELLA FERA, JR. ■ ANTHONY SODONO, III
HENRY M. KARWOWSKI ■ JOSHUA H. RAYMOND ■ THOMAS M. WALSH ■ JOSEPH MADDALONI, JR. ■ JOHN M. MCDONNELL
SHOSHANA SCHIFF ■ JOHN F. NEWMAN ■ JONI NOBLE MCDONNELL ■ BRIAN T. CROWLEY
JENNIFER M. CARRILLO-PEREZ ■ MICHELE M. DUDAS ■ JODI M. LUCIANI ■ MARK Y. MOON
ADAM D. WOLPER ■ JOAO F. MAGALHAES ■ AZIZ O. NEKOUKAR ■ ROSS J. SWITKES ■ JENNIFER D. TALLEY

Honorable Donald H. Steckroth, U.S.B.J.
September 14, 2011
Page 2

Certification of Joseph Maddaloni, Jr., Esq. ("Maddaloni Cert.") in lieu of a more formal submission on behalf of the Debtor in opposition to the Motion.

As more thoroughly set forth herein, the Debtor contends that the Union's Motion should be denied because the Debtor and the Union have already consented to the jurisdiction of the Bankruptcy Court for the resolution of their dispute regarding the Debtor's delinquent contributions and the Debtor's intended withdrawal from the pension plan. Further, pursuant to the August 3, 2011 Order entered by the Bankruptcy Court, which addresses these very same issues, the Bankruptcy court expressly retained exclusive jurisdiction over these matters. Thus, the Debtor contends that any further relief sought by the Union regarding these very same issues must be by way of application to the Bankruptcy Court and not by way of Arbitration. However, to the extent that the Court is inclined to grant the Union's requested relief and to compel the Debtor to proceed with Arbitration, the Debtor contends that any such Arbitration must be proceed in accordance with the terms of Collective Bargaining Agreement (the "CBA") at issue.

A.  **Factual Background**

The Debtor and the Union are parties to the CBA, which by its term expired on June 30, 2010, but which has been extended pursuant to two separate Memoranda of Agreement, the latest of which extends the effective date of the CBA to and including July 15, 2012. Article XXIII of the CBA requires the Debtor to contribute to the Pension Fund on behalf of the Debtor's covered workers. Article XXIV of the CBA contains a dispute resolution procedure that requires, among other things, that any dispute regarding the Debtor's participation in and/or contributions to the Pension Fund shall be submitted to an Impartial Arbitrator selected by the parties under the

Honorable Donald H. Steckroth, U.S.B.J.
September 14, 2011
Page 3

Rules of the New Jersey State Board of Mediation. See Maddaloni Cert. ¶¶ 2 and 3; **Exhibit A**, Article XXIV, §§ 3 and 4.

On or about July 31, 2011, the Debtor's counsel provided written notice to the Pension Fund and its counsel of the Debtor's intention to withdraw from the pension fund effective immediately. The Union objected to the Debtor's withdrawal. On August 1, 2011, the Debtor filed for bankruptcy. See Maddaloni Cert. ¶¶ 4 and 5; **Exhibit B**.

Prior to the bankruptcy filing, the Debtor was delinquent in its contributions to the Pension Fund, which prompted the Union to threaten to suspend health benefits for over 600 of Debtor's employees in violation of the CBA. Consequently, our office was already engaged in discussions with counsel for the Union in an effort to resolve the issue regarding the delinquent contributions, and to avoid the Union's threatened suspension of health benefits for over 600 of Debtor's employees in violation of the CBA. These discussions were then expanded to include the Debtor's intended withdrawal from the Pension Fund. See Maddaloni Cert. ¶ 6.

On August 3, 2011, Judge Steckroth decided the Debtor's preliminary motions, which included, among other things, the Debtor's application for an Order regarding the Debtor's payment of contributions to the Pension Fund. Prior to the hearing on Debtor's application, Debtor's counsel and the Union's counsel reached an agreement regarding the both the issue of continued contributions to the Pension Fund and the Debtor's intended withdrawal from the pension plan. This Agreement was memorialized in the Order entered by Judge Steckroth on August 3, 2011. Pursuant to the August 3, 2011 Order, the Union and the Debtor agreed that the Debtor would continue to make monthly contributions to the Pension Fund and the Union would continue to provide health benefits to the Debtor's employees provided the Debtor remained

Honorable Donald H. Steckroth, U.S.B.J.
September 14, 2011
Page 4

current on its scheduled payments to the Pension Fund. The Order also provides that if the Debtor fails to make the required post-petition contributions, and fails to cure any such default within 10 days, then the Union can suspend health benefits as previously threatened. Finally, the Order provides that the Bankruptcy Court "shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from this Order." See Maddaloni Cert. ¶¶ 7 and 8; **Exhibit C ¶¶** 10-11, 15.

The Debtor, however, refused to acknowledge and agree as demanded by the Union that the payments made by the Debtor post-petition were intended to satisfy any pre-petition delinquency. Similarly, the Union refused to acknowledge and agree as demanded by the Debtor that the Debtor had properly withdrawn from the Pension Plan before the filing of the Bankruptcy petition, thereby avoiding any post-petition withdrawal liability. Consequently, the Union and the Debtor agreed to a reservation of rights on these issues, as well as on whether the Debtor, or any purchaser, has successor liability claims under ERISA and/or pursuant to Bankruptcy Code sections 1113 and 1114. See Maddaloni Cert. ¶ 9, **Exhibit C ¶** 11.

Subsequent to the Court's August 3, 2011 Order, the Union improperly sought to arbitrate the issue of the delinquent contributions to the Pension Fund and the issue of the Debtor's intended withdrawal from the Pension Fund. Through a series of e-mail communications between our office and the Union's counsel, the Debtor objected to the proposed Arbitration. Specifically, the Debtor contends that the proposed Arbitration is improper because the Debtor and the Union had already agreed to submit these very issues to the jurisdiction of the Bankruptcy Court as set forth in the Court's August 3, 2011 Order. Thus, the Debtor further contends that any further request for relief by the Union regarding the delinquent

Honorable Donald H. Steckroth, U.S.B.J.
September 14, 2011
Page 5

contributions to the Pension Fund and/or the issue of Debtor's withdrawal from the pension plan and any liability attached thereto must be made by way of application to the Bankruptcy Court pursuant to the Court's August 3, 2011 Order, and not by way of Arbitration as demanded by the Union. See Maddaloni Cert. at ¶¶ 10 and 11; **Exhibit D.**

Alternatively, the Debtor also objects to the proposed Arbitration on the grounds that the Union sought to have the dispute resolved by the Pension Fund's permanent Arbitrator, Mr. Gerard Restaino, and not by an Impartial Arbitrator selected pursuant to the Rules of the New Jersey State Board of Mediation as required by Article XXIV, sections 3 and 4 of the CBA. Thus, the Debtor has refused to participate in the proposed Arbitration. See Maddaloni Cert. at ¶ 12.[1]

### B.    Legal Argument

The Second Circuit's decision in Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984 (2d Cir. (N.Y.) 1990), relied upon by the Union, supports the Debtor's position that the Union's dispute concerning the Debtor's pension fund contributions and intended withdrawal from the pension plan should be adjudicated before this Court and not by an

---

[1] The Union's Motion also seeks an Order permitting any and all other Arbitration proceedings under the CBA to continue. The Union, however, has offered no set of facts to support the need for this requested relief. That is, there is nothing before the Court to support the Union's contention that the Debtor has failed and refused to proceed with Arbitration on any issues other than the pension plan issues covered by the August 3, 2011 Order. In fact, During the post-petition period, the Debtor has participated, and will continue to participate as necessary, in other Arbitration proceedings stemming from grievances filed by the Union under the CBA as required by Bankruptcy Code section 1113. For instance, on August 25, 2011, our office represented the Debtor and appeared at an Arbitration Hearing stemming from the Debtor's pre-petition discharge of Mr. Frank DeGulis. See Maddaloni Cert. ¶ 13. Consequently, the Debtor contends that the Union's request for relief is frivolous and must be denied.

5

Honorable Donald H. Steckroth, U.S.B.J.
September 14, 2011
Page 6

Arbitrator. The Second Circuit stated in Shugrue, that "[w]e hold that the bankruptcy court may stay a non-bankruptcy judicial proceeding to enforce a collective bargaining agreement if the union can bring the dispute before the bankruptcy court and the bankruptcy court has jurisdiction to resolve it." Id. at 996. Here, the Union and the Debtor have already submitted this dispute to the jurisdiction of the bankruptcy court by the consent language that they included in the August 3, 2011 Order, which provides, in pertinent part, as follows:

> 10. Debtor is hereby authorized, but not directed, to continue all Health Benefits and Pension Benefits and to pay all outstanding pre-petition payments due for such benefits with respect to 1199J Employees, subject to 11 U.S.C. §507(a)(5). Notwithstanding, the Debtor and 1199J shall comply post petition with all terms and conditions of the 1199J Collective Bargaining Agreement and ERISA medical and pension benefit plans.
>
> 11. To maintain medical coverage for 1199J Employees, and in lieu of Per Capita Payments, on August 3, 2011 (time is of the essence), the Debtor shall make a payment to the Benefit Fund in the amount of $333,213.96 on account of medical benefits and in the amount of $160,565.90 on account of pension benefits. , So long as the aforementioned payments are received on August 3, 2011 the Fund shall maintain all benefits in place. Failure to make the aforementioned payments shall cause a termination in medical benefits. Thereafter, the Debtor shall continue to make payments to the Fund for medical and pension benefits contributions in agreed amounts on the 3rd day of each month. Notwithstanding anything herein, Debtor shall be considered delinquent on its payments to the Fund unless all contributions are paid in full. If the Debtor fails to make the Health and Pension Benefit Payment on the 3rd of each month thereafter, the Debtor shall be in default and if after notice the Debtor does not cure the default within ten (10) days, time being of the essence, then the 1199J Employees medical coverage shall lapse. The Debtor, 1199J and the Fund reserve any and all rights, including but not limited to, with respect to (i) the proper application of such payments, (ii) the Debtor's withdrawal from the Fund and the effect thereof, including but not limited to whether same was proper and/or a violation of the CBA and whether the Debtor has withdrawal liability, and/or whether any

6

Honorable Donald H. Steckroth, U.S.B.J.
September 14, 2011
Page 7

>     purchaser has successor ERISA liability claims, and (iii) pursuant
>     to section 1113 and 1114 of the Bankruptcy Code.

See Maddaloni Cert. ¶ 7; **Exhibit C** ¶¶ 10-11. Further, pursuant to the August 3, 2011 Order, the Bankruptcy Court has retained "exclusive jurisdiction to hear and decide any and all disputes related to or arising from this Order." Maddaloni Cert.; **Exhibit C** ¶ 15.

There can be no dispute that the Bankruptcy Court has exercised and will continue to exercise exclusive jurisdiction over these issues. The payments to the pension fund and the issue of the Debtor's withdrawal and any liability potentially associated therewith directly impacts the Debtor's estate, and are expressly subject to the Bankruptcy Court's exclusive jurisdiction as per the August 3, 2011 Order. The Order was the product of meaningful negotiations between the parties, and these terms were agreed to by the Debtor and the Union prior to entry thereof. See Maddaloni Cert. ¶¶ 6, 8-9. Pursuant to the Order, the Debtor and the Union made substantial accommodations relating to the pension plan. The Debtor agreed to make contributions to the pension plan on a monthly basis in exchange for the Union's agreement to refrain from terminating health benefits for the Debtor's employees in violation of the CBA. These accommodations were made in connection with the Debtor's bankruptcy case. The Debtor has relied upon these terms in good faith as part of its ultimate strategy for seeking relief under the Bankruptcy Code.

Notwithstanding their respective accommodations, the Debtor and the Union could not agree on the allocation of the Debtor's post-petition contributions to the pension plan as satisfying pre-petition obligations as demanded by the Union, nor could they agree that the Debtor had properly withdrawn from the pension plan. So, the Debtor and the Union reserved their rights on these issues as well as on any remaining issues under ERISA and under

Bankruptcy Code sections 1113 and 1114. Clearly, these disputes are related to or arise from the August 3, 2011 Order so as to trigger the Bankruptcy Court's exclusive jurisdiction. The Union should not be permitted to render the Order a nullity by now attempting to contest these very same issues outside this Court in an Arbitration proceeding. Rather, any further resolution regarding these remaining issues should be resolved before the Bankruptcy Court as contemplated by the August 3, 2011 Order.

Assuming, *arguendo*, that the Debtor must proceed with Arbitration on the pension plan issues as claimed by the Union, then the Debtor contends that any such Arbitration must proceed in accordance with the terms of the CBA. More specifically, the relevant CBA provisions provide for "prompt arbitration thereof before the *Impartial* Arbitrator designated under this Article" and "selected by the parties under the rules and procedures of the New Jersey State Board of Mediation." See Maddaloni Certif. ¶ 3; **Exhibit A** at Article XXIII and Article XXIV of the CBA. Here, however – contrary to the Union's representations – the Union does not seek to comply with the express terms of the CBA. Rather, the Union seeks to have the remaining pension plan disputes resolved by the pension fund's permanent Arbitrator, Mr. Gerard Restaino, and not by an "Impartial Arbitrator" selected pursuant to the rules and procedures of the New Jersey State Board of Mediation as required by the CBA. Accordingly, the Debtor submits that any potential arbitration must be consistent with the CBA.

For these and other reasons to be provided by Trenk DiPasquale at oral argument, the Motion should be denied, and the relief requested by District 1199J should not be granted.

Honorable Donald H. Steckroth, U.S.B.J.
September 14, 2011
Page 9

As always, Your Honor's time and consideration are appreciated.

    Respectfully submitted,

    **TRENK, DIPASQUALE, WEBSTER,**
    **DELLA FERA & SODONO, P.C.**
    Attorneys for Debtor-in-Possession,
    Hudson Healthcare, Inc.

        */s/ Thomas M. Walsh*
    By:_____
        Thomas M. Walsh

Encl.

cc:    Mitchell Malzberg, Esq. (via ECF)